UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHELLE BEASLEY,<br><br>　　　　Defendant. | Case No. 21-cv-03986-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 21 |

## I.　INTRODUCTION

This case involves a dispute over commission payments advanced by an employer, Plaintiff Open Text, Inc. ("Open Text"), to its former employee, Defendant Michelle Beasley. Docket No. 6-1 ("Compl.") ¶¶ 1-6. Open Text originally filed the action in the Superior Court of San Mateo County, California, on April 1, 2021. *See id.* at 3.[1] Ms. Beasley then removed the case to this Court on May 26, 2021. *See* Docket No. 1. Pending before the Court is Open Text's motion to remand to state court and request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). *See* Docket Nos. 21 and 22 ("Mot."). For the reasons given below, the Court **GRANTS** Open Text's motion to remand as well as its request for attorneys' fees and costs.

## II.　BACKGROUND

According to Open Text's First Amended Complaint, Open Text is a software company that is incorporated in Delaware and has its principal place of business in San Mateo, California. Compl. ¶¶ 7, 11-13. In September 2019, Open Text hired Ms. Beasley, a resident of California, as

---

[1] Citations to page (rather than paragraph) numbers in Docket No. 6-1 are based on the page numbers automatically generated by ECF as headers to the document.

a Senior Account Executive in its San Mateo office; she began working for the company the following month. *Id.* ¶¶ 14-16. In addition to her base salary, Ms. "Beasley was eligible to earn up to $140,000 per year in commissions." *Id.* ¶ 18. Ms. Beasley's employment agreement provided, however, that if she were to "voluntarily resign from Open Text within 18 months of [her] employment start date," she would be obliged to repay any "advanced, but unearned, commissions [that] she received during the first three months of her employment." *Id.* ¶¶ 20-21. "During the first three months of her employment [Ms.] Beasley was paid $11,666.67 per month ($35,000.01 total) in advanced, but unearned, commissions in the form of a draw." *Id.* ¶ 25. Ms. Beasley "voluntarily resigned from Open Text effective June 30, 2020," or just over nine months after she began working for the company. *See id.* ¶ 26. Open Text alleges that "$28,339.70 of the advanced commission was unearned at the time of [Ms.] Beasley's resignation" and that she was therefore obliged to repay that amount to Open Text. *Id.* ¶¶ 26-27. In October 2020, after Open Text informed Ms. Beasley that it was seeking reimbursement of the unearned commissions, Ms. Beasley refused repayment. *Id.* ¶¶ 28-31.

Open Text filed its original complaint in state court on March 17, 2021. *Id.* at 15. The company then filed a First Amended Complaint on April 1, 2021. *Id.* at 3. The latter pleading asserted four state-law causes of action against Ms. Beasley for breach of contract, unjust enrichment, open book account, and conversion. *Id.* ¶¶ 32-59. Open Text sought compensatory and exemplary damages, "[d]isgorgement from [Ms.] Beasley in the amount of $28,339.70," pre-judgment interest, litigation costs, and any other relief that the Superior Court deemed just and proper. *Id.*, Prayer for Relief.

Pursuant to 28 U.S.C. § 1446(a), Ms. Beasley filed a Notice of Removal with this Court on May 26, 2021. *See* Docket No. 1; *see also* 28 U.S.C. § 1446(a) (requiring defendants to file with the district court "a short and plain statement of the grounds for removal"). Later that same day she filed an "errata" version of the removal notice, as the earlier filing erroneously included an exhibit with Open Text's confidential and proprietary busines-practice information. *See* Docket Nos. 4 and 17. On June 1, 2021, Ms. Beasley filed a motion to remove the exhibit that was incorrectly appended to her original removal notice from this Court's docket, *see* Docket No. 8,

and the Court later granted the motion, *see* Docket No. 25. Prior to the Court's order granting Ms. Beasley's motion, however, Open Text filed a four-page administrative motion pursuant to Civil Local Rule 7-11 to remove the same exhibit from Ms. Beasley's original and errata removal notices filed with this Court, as well as the removal notice that she filed with the Superior Court.[2] *See* Docket No. 17; *see also* Civ. L.R. 7-11 (permitting parties to file motions "for an order concerning a miscellaneous administrative matter," such as "to file documents under seal," with such motions not exceeding five pages). On June 1, 2021, along with her motion to remove the erroneously filed exhibit, Ms. Beasley also filed an Amended Notice of Removal, which again omitted the contested exhibit.[3] *See* Docket No. 6 ("Notice").

In her operative removal notice, Ms. Beasley stated that "this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000." Notice at 2. In asserting that Open Text and Ms. Beasley are diverse for purposes of § 1332(a), Ms. Beasley acknowledged that Open Text is a citizen of California (based on its principal place of business),[4] and that she herself "is a resident, citizen, and domiciliary" of California," but argued that Open Text is the "alter ego" of its parent company, Open Text Corporation, which is located in Ontario, Canada. *See id.* at 2, 4; *see also Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (stating that courts typically "look[] to the state of incorporation and principal place of business of the subsidiary, not its parent," but that an exception exists "where the subsidiary is the alter ego of the parent corporation"). "[B]ased on the corporate citizenship of Open Text Corporation," she asserted, "complete diversity of citizenship is satisfied." Notice at 8. Regarding the amount-in-controversy requirement of § 1332(a), Ms. Beasley argued that while the only monetary figure mentioned in the First Amended Complaint is the $28,339.70 that Open Text

---

[2] Ms. Beasley opposed Open Text's administrative motion for reasons that will be discussed below. *See* Docket No. 20.

[3] Ms. Beasley also filed a motion to dismiss the second and third claims in Open Text's First Amended Complaint on June 2, 2021. *See* Docket Nos. 12 and 13.

[4] Under 28 U.S.C. § 1332(c), a corporation is "a citizen of every State . . . by which it has been incorporated and the State . . . where it has its principal place of business."

1  seeks in disgorgement, Open Text's request for punitive damages could bring its total award to
2  more than $75,000. *See* Notice at 8-9. Ms. Beasley noted that "[r]ecent California verdicts and
3  punitive damages awards in alleged conversion contexts can range from a multiplier of three to
4  one or more," and that "the potential of $50,000 in punitive damages" in this case "is not
5  improbable." *Id.* at 9.

Open Text filed the instant motion to remand on June 8, 2021, one week after Ms. Beasley
filed her Amended Notice of Removal. *See* Docket No. 21, Mot. In addition to seeking an
"immediate" remand to state court, Open Text requested "an award of attorneys' fees and costs
pursuant to 28 U.S.C. § 1447(c)." Mot. at 1. Ms. Beasley opposed the motion on June 22, 2021,
*see* Docket No. 27 ("Opp'n"), and Open Text replied on June 29, 2021, *see* Docket No. 29
("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court took the motion under submission
without conducting a hearing. *See* Civ. L.R. 7-1(b) ("In the Judge's discretion . . . a motion may
be determined without oral argument. . . .").

### III.  DISCUSSION

A.  Motion to Remand

In its moving papers, Open Text offers three arguments in favor of remanding the case to
state court. First, it contends that Ms. Beasley's removal of the action to this Court was improper
under 28 U.S.C. § 1441(b)(2), which bars a defendant from removing a case where the federal
court's jurisdiction is based solely on diversity jurisdiction and the defendant "is a citizen of the
State in which [the] action is brought." *See* 28 U.S.C. § 1441(b)(2). Because Open Text
originally filed this action in California state court and Ms. Beasley is a citizen of California, Open
Text asserts that its motion should be granted. Mot. at 3-4, Reply at 6-8. Second, Open Text
argues that this Court lacks jurisdiction to hear the case under § 1332(a) because the amount-in-
controversy is less than $75,000. It notes that the First Amended Complaint "seeks a judgment in
the amount of $28,339.70, the sum of the advanced, but unearned, funds" paid to Ms. Beasley, and
contends that any punitive-damages award would be unlikely to bring the total damages award
over the jurisdictional threshold. Mot. at 4-6, Reply at 5. Third, Open Text asserts that this Court
lacks jurisdiction under § 1332(a) for the additional reason that the parties are not completely

4

diverse, as Open Text is a citizen of California and the citizenship of its (non-party) parent company is irrelevant to the jurisdictional analysis. Reply at 4-5. Ms. Beasley opposes the motion on all three grounds, arguing that Open Text waived its right to remand by engaging in affirmative litigation in this Court, Opp'n at 5-8; that the possibility of Open Text being awarded punitive damages satisfies the amount-in-controversy requirement, *id.* at 8-11; and that Open Text has failed to rebut her allegations that it is the alter ego of its parent company, *id.* at 5, 11.

While the Court doubts whether Ms. Beasley has shown, by a preponderance of the evidence, that the parties are completely diverse and that the amount-in-controversy exceeds $75,000, as § 1332(a) requires, the Court need not decide these questions. Instead, it finds that that the case must be remanded to state court on the basis of § 1441(b)(2).

According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As mentioned above, however, § 1441(b)(2) provides that an "action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The so-called forum defendant rule of § 1441(b)(2) thus "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). The rationale of the forum defendant rule is that "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court" and that "[t]he need for such protection is absent . . . in cases where the defendant is a citizen of the state in which the case is brought." *Lively*, 456 F.3d at 940.

Here, Open Text's First Amended Complaint asserts that Ms. Beasley is a resident of California, Compl. ¶ 8, and Ms. Beasley's own Amended Notice of Removal confirms that she is "a resident, citizen, and domiciliary of the State of California domiciled in Alameda County, California," Notice at 2. In her opposition to Open Text's motion to remand, moreover, she does not dispute that she is indeed a citizen of California. *See* Opp'n at 3-4, 5-8. As Open Text

originally brought this action in California state court, the forum defendant rule of § 1441(b)(2) applies and bars Ms. Beasley from removing the case to this Court. *See* Mot. at 4. Thus, pursuant to §§ 1447(c) and (d), the Court may issue "[a]n order remanding the case to the State court from which it was removed." *See* 28 U.S.C. § 1447(d).

Ms. Beasley argues, however, that Open Text's motion should be denied because Open Text waived its right to remand by filing the administrative motion to remove confidential documents from the dockets of this Court and the Superior Court. *See* Opp'n at 1-2, 6-8. In doing so, she correctly points out that the Ninth Circuit has held the forum defendant rule "procedural" rather than "jurisdictional," such that a violation of the rule is "a waivable defect in the removal process." *Lively*, 456 F.3d at 935-36. As a violation of the forum defendant rule thus represents a "defect other than lack of subject matter jurisdiction," a motion to remand based on the rule is subject, most notably, to the requirement in § 1447(c) that the motion "must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); *see also Lively*, 456 F.3d at 939 (concluding that Congress, in § 1447(c), "sought to ensure that even the 'more substantive' removal defects, such as § 1441(b) violations, were subject to the 30-day time limit"). Courts have also occasionally found that plaintiffs waived the right to remand based on defects in removal procedure where they engaged in "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *See Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988) (quoting *Maybruck v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968)); *see also Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (upholding a district court's refusal to remand for untimely removal where the plaintiffs, "by appearing repeatedly before the court before raising the timeliness objection, had waived their right to raise that issue").

In the instant case, Ms. Beasley acknowledges that Open Text's motion to remand was timely and that the only issue is whether Open Text "engag[ed] in affirmative conduct suggesting a waiver of the right to remand" by filing its administrative motion. Opp'n at 6 (citing *Owens*, 686 F. Supp. at 830). As noted above, Open Text submitted its administrative motion in response to Ms. Beasley's erroneous inclusion of sensitive documents containing Open Text's proprietary

6

business-practice information as an exhibit to her original and errata removal notices, which were filed on May 26, 2021. *See* Docket No. 17 at 1; *see also* Docket Nos. 1 and 4. Ms. Beasley had filed a motion to remove those same documents from this Court's docket on June 1, 2021. *See* Docket No. 8. Open Text then filed the administrative motion on June 4, 2021, explaining that it was doing so because the Court had yet to rule on Ms. Beasley's related motion. Docket No. 17 at 2-3. In "requesting that the Court issue an order removing" the exhibit from Ms. Beasley's original and errata removal notices filed in this Court, *id.* at 3, Open Text's administrative motion sought relief identical to that requested by Ms. Beasley in her own then-pending motion.[5] The only difference was that Open Text also requested an order directing the Superior Court to remove or seal the sensitive documents on *its* docket, as they had been placed there when Ms. Beasley filed her removal notice "in both State and Federal court."[6] *See id.* at 1. On June 16, 2021, this Court granted Ms. Beasley's motion to remove the incorrectly filed documents from its docket. *See* Docket No. 25. The Court did not formally rule on Open Text's administrative motion, which Open Text later "concede[d] . . . ha[d] been rendered moot in light of the Court's June 16, 2021[,] order" granting Ms. Beasley's analogous motion.[7] Reply at 8 n.6.

Based on the foregoing, Ms. Beasley argues that Open Text waived its right to remand because the administrative motion sought "a substantive order directing the state court to remove and seal its records." Opp'n at 1. Ms. Beasley contends that such a motion constitutes waiver, as

---

[5] In her opposition to Open Text's administrative motion, Ms. Beasley argued that the motion should be denied because, *inter alia*, it was duplicative of her own then-pending motion to remove Open Text's confidential documents from this Court's docket. Docket No. 20 at 2-3 ("Plaintiff's motion appears entirely redundant. . . ."). Open Text eventually filed a statement of non-opposition to Ms. Beasley's motion to remove the erroneously filed documents. *See* Docket No. 24.

[6] Open Text observed that because Ms. Beasley had "removed this action to Federal court, the State court no longer has jurisdiction" over it; Open Text had therefore been "advised by the Civil Clerk in San Mateo County Superior Court that it would need to obtain an order from the Federal court to remove or seal [the exhibit] to Defendant's Notice of Removal." Docket No. 17 at 3.

[7] While the record is not entirely clear on this point, it appears that Open Text filed an *ex parte* application for a temporary restraining order against Ms. Beasley, seeking the removal and/or sealing of Open Text's confidential documents, in state court within days of filing its administrative motion with this Court. *See* Docket No. 20 at 1-2. Open Text seems to confirm as much in its reply brief, stating that it "will continue its attempts in state court to seal the [sensitive documents] filed" by Ms. Beasley with her removal notice. *See* Reply at 8 n.6.

it exceeds "minimal or expected case-management obligations once a case is removed," and instead amounts to the litigation of "a substantive issue"—namely, whether this Court should order the removal of state-court "records without the plaintiff ever having to meet the standards of sealing set out by the state of California."[8] *See id.* at 7; *see also SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1023 (N.D. Cal. 2017) (stating that "[c]ourts generally have not found waiver where a plaintiff undertakes minimal or expected case-management obligations once a case is removed.").

The Court finds Ms. Beasley's argument unavailing. While the "exact quantity or quality of conduct on Plaintiffs' part which would evidence waiver" of the right to remand "is less than clear," *Alarcon v. Shim Inc.*, 2007 WL 2701930, at *2 (N.D. Cal. Sept. 13, 2007) (quoting *Knowles v. Hertz Equip. Rental Co.*, 657 F. Supp. 109, 110 (S.D. Fla. 1987)), "the district court has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings," *id.* (quoting *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988)).

Here, Open Text filed a four-page administrative motion under Civil Local Rule 7-11 just nine days after the case was first removed to this Court. *See* Docket Nos. 1 and 17. Importantly, the administrative motion was not substantive, as it did not seek relief based on the merits but simply sought administrative relief on a procedural matter. The motion was made in response to Ms. Beasley's admittedly erroneous inclusion of sensitive documents containing Open Text's confidential business-practice information, *see* Docket No. 8, and largely requested the same relief that Ms. Beasley herself sought in a similar motion filed three days earlier, *see id.*, Docket No. 17 at 1. While Ms. Beasley opposed the administrative motion on the grounds that it was "duplicative" and "redundant" with respect to her own then-pending motion, Docket No. 20 at 2-3, Ms. Beasley was in no way prejudiced by the administrative motion. *See Alarcon*, 2007 WL 2701930, at *3 (finding that plaintiffs did not waive their right to remand where, *inter alia*, their

---

[8] Ms. Beasley's opposition to Open Text's administrative motion vaguely suggests that the motion "appears in contradiction to the principles of sovereign immunity of the State of California, the Eleventh Amendment, and the rights of the state to not be dragged into federal court after a case has been removed." Docket No. 20 at 2, 3-4.

"filing of [a] request for default caused defendants no harm"). Indeed, the Court never had need to formally rule on Open Text's administrative motion since it was effectively mooted by the order granting Ms. Beasley's motion to remove the incorrectly filed documents. *See* Docket No. 25, Reply at 8 n.6.

Further, Open Text's motion to remand was filed just four days after the administrative motion and just one week after Ms. Beasley's Amended Notice of Removal. *See* Notice, Mot. And while Open Text opposed Ms. Beasley's motion to dismiss two claims in the First Amended Complaint "for the purpose of meeting the deadlines set by this Court" while both the motion to dismiss and the motion to remand were pending, *see* Docket No. 26 at 1, Open Text has not engaged in any "affirmative conduct . . . of a sort which would render it offensive to fundamental principles of fairness to remand." *See Owens*, 686 F. Supp. at 830. Ultimately, the Court agrees with Open Text that it should not be faced with the dilemma of either "waiving its right to remand or simply allow[ing] the publication of its confidential and proprietary documents" that Ms. Beasley "improperly filed" with the Court in the first place. *See* Reply at 7.

Ms. Beasley admittedly fails to identify any caselaw in which courts denied a motion for remand based on the facts at issue here,[9] Opp'n at 7, and the cases that she does cite all support Open Text's position. *See Barahona v. Orkin*, 2008 WL 4724054, at *3 (C.D. Cal. Oct. 21, 2008) (granting a plaintiff's motion to remand where he conducted minimal discovery and moved to remand within a month of defendants' removal); *Alarcon*, 2007 WL 2701930, at *2-3 (granting plaintiffs' motion to remand where they requested the court to enter default two weeks earlier); *Owens*, 686 F. Supp. at 830-31 (granting plaintiffs' motion to remand after they filed a demand for a jury trial four days earlier). In each of these cases, the court concluded that plaintiffs' conduct

---

[9] Open Text, for its part, cites *Chi-Fu Hsueh v. Bankers Life and Casualty Co.*, 421 F. Supp. 3d 937 (S.D. Cal.), in support of its argument. Reply at 7-8. In that case, the plaintiff moved to remand the case to state court based on defendants' untimely removal. *Chi-Fu Hsueh*, 421 F. Supp. 3d at 938-40. The plaintiff simultaneously filed a motion to seal defendants' notice of removal and a supporting declaration because they displayed the parties' mediation materials, which the parties had agreed to keep confidential during state-court proceedings. *Id.* at 939, 945. The court granted both motions. *Id.* at 941-42, 945. While Open Text thus argues that the *Chi-Fu Hsueh* court "did not view plaintiff's efforts to protect [his] confidential information as a waiver of the right to remand," Reply at 8, it is not clear that the parties raised the issue or that the court considered it in granting the motions.

9

1   did not "demonstrate an intent . . . to use the court's jurisdiction for adjudication of a substantial
2   right," *id.*, and that "remand would not violate principles of fairness," *Alarcon*, 2007 WL
3   2701930, at *3. In contrast, typical cases where courts have held that a plaintiff waived the right
4   to remand involved far more significant post-removal litigation activity on the plaintiff's part.
5   *See, e.g.*, *Meadows*, 785 F.2d at 672 (concluding that plaintiffs waived their right to remand "by
6   appearing *repeatedly* before the [district] court before" objecting to the defendant's removal
7   procedure) (emphasis added); *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996)
8   (concluding that a plaintiff waived his right to remand where he "affirmatively sought leave to file
9   a new complaint in federal court," "vigorously briefed and argued [the] substantive motion," and
10  urged the court to remand only after the other motion had been denied); *Bearden v. PNS Stores,
11  Inc.*, 894 F. Supp. 1418, 1424 (D. Nev. 1995) (concluding that plaintiffs waived their right to
12  remand where they "fil[ed] numerous pleadings and discovery requests after the case was
13  removed").

14  In sum, Open Text's filing of the administrative motion to remove or seal sensitive
15  documents that had erroneously been included with Ms. Beasley's removal notices did not
16  constitute waiver of its right to remand based on the forum defendant rule of § 1441(b)(2). Open
17  Text's motion to remand the case to the Superior Court of San Mateo County, California, is
18  therefore **GRANTED.** *See* §§ 1447(c) and (d).

19  B.   Request for Attorneys' Fees and Costs

20  Open Text also seeks an award of attorneys' fees and costs associated with litigating the
21  motion to remand on the grounds that "there was no reasonable basis for [Ms.] Beasley to remove
22  the case from state court." Mot. at 7. Specifically, Open Text contends that it is entitled to an
23  award of $7,786.00 pursuant either to § 1447(c) or to Federal Rule of Civil Procedure 11(b). *See
24  id.* at 6-7, Reply at 8-9, Docket No. 29-1. Ms. Beasley opposes the request, suggesting that her
25  removal of the case to this Court was based on unresolved questions of fact regarding subject-
26  matter jurisdiction and waiver of the right to remand. *See* Opp'n at 11.

27  Section 1447(c) provides that a court "may require payment of just costs and any actual
28  expenses, including attorney fees, incurred as a result of removal" where the court remands a case

to state court. 28 U.S.C. § 1447(c). "Although § 1447(c) expressly permits an award of attorney's fees, it provides little guidance on when such fees are warranted." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005). The Supreme Court has advised, however, that district courts should steer a middle course between Congress's dual purposes in enacting § 1447(c): To "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," on the one hand, and "not undermining" a defendant's "right to remove . . . when the statutory criteria are satisfied," on the other hand. *Id.* at 140. The Supreme Court has therefore held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

The Court finds that an award of attorneys' fees and costs is merited here, as Ms. Beasley had no "objectively reasonable basis for seeking removal" when she did. *See id.* As discussed above, the forum defendant rule of § 1441(b)(2) provides that an action "removable solely on the basis of" diversity jurisdiction "may not be removed if any" defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, it is undisputed that Ms. Beasley is a citizen of California and that the case was originally brought in California state court. Compl. ¶ 8, Notice at 2. At the time that she removed the case to this Court, therefore, Ms. Beasley directly contravened the clear prohibition of the forum defendant rule. And while Ms. Beasley perhaps offers a colorable (though ultimately unpersuasive) argument that Open Text waived its right to *remand* by engaging in affirmative conduct before this Court, such a subsequent development cannot provide a reasonable basis for Ms. Beasley's *removal* in the first instance. Ms. Beasley's opposition relies on precisely this kind of illogically retrospective argumentation. *See* Opp'n at 11-12 (asserting that Open Text should be denied attorneys' fees and costs because, based on "its post-removal conduct," it "waived its right to remand").[10]

---

[10] Ms. Beasley also cites *Maguire Oil Co. v. City of Houston*, 143 F.3d 205 (5th Cir. 1998), for the proposition that "a plaintiff may, in certain cases, be estopped from recovering costs and attorney's fees under § 1447(c) when his conduct after removal plays a substantial role in causing the case to remain in federal court." But that case is readily distinguishable from this one, as the plaintiff in *Maguire* was held to have "played a crucial role in [originally] persuading the district court to retain jurisdiction over th[e] case" by, *inter alia*, "not mov[ing] to remand after the case

11

The opposition otherwise focuses only on "factual questions of subject matter jurisdiction" as reasonable grounds for removal. *See id.* at 11. But even assuming, *arguendo*, that Ms. Beasley's removal notice satisfies the jurisdictional requirements of § 1332(a), removal was still unequivocally barred by § 1442(b)(2). Further, an award of fees and costs is particularly justified given that "Open Text made repeated efforts to have [Ms.] Beasley voluntarily remand this case" by bringing the problem of the forum defendant rule to her attention. Mot. at 7; *see also* Docket No. 23 ¶¶ 5-8 (stating that counsel for Open Text twice directed counsel for Ms. Beasley to § 1442(b)(2) between May 31, 2021, and June 2, 2021). Ms. Beasley refused to remand on each occasion, each time referring to the parties' dispute over subject matter jurisdiction but disregarding the forum defendant rule. *See* Docket No. 23 ¶¶ 5-8. Given especially that Ms. Beasley was expressly put on notice that removal in this case was precluded by § 1442(b)(2) and that she nevertheless refused even to acknowledge the issue, the Court agrees with Open Text that "removal of the present action was frivolous and improper" and thus warrants an award of costs and fees.[11] *See* Reply at 9.

Since Ms. Beasley "lacked an objectively reasonable basis for seeking removal," *Martin*, 546 U.S. at 141, the Court **GRANTS** Open Text's request for attorneys' fees and costs in the amount of $7,786.00 pursuant to § 1447(c).

///

///

///

///

---

was removed" and "alleg[ing] in its amended complaint that the district court had jurisdiction over the case." *Id.* at 209. For the reasons given above, *supra* Part III.A, Open Text did not "play[] a substantial role in causing th[is] case to remain in federal court after its removal" by filing its administrative motion. *See id.*

[11] In its motion, Open Text stated that, in addition to its request for costs and fees under § 1447(c), it was planning to move for sanctions against Ms. Beasley's counsel pursuant to Federal Rule of Civil Procedure 11(b). *See* Mot. at 1 n.1. In its reply, Open Text clarified that it had "decided against filing a separate Motion for Sanctions" under Rule 11 but urged the Court, "on its own accord," to issue Ms. Beasley and her counsel an order to show cause "why they have not violated Rule 11(b)." Reply at 9. As the Court has concluded that an award of fees and costs is warranted under § 1447(c), it declines to rule on Open Text's request for Rule 11 sanctions.

## IV. CONCLUSION

For the reasons given above, the Court **GRANTS** Open Text's motion to remand this case to the Superior Court of San Mateo County, California, as well as Open Text's request for attorneys' fees and costs in the amount of $7,786.00.

This order disposes of Docket No. 21.

**IT IS SO ORDERED**.

Dated: July 30, 2021

_____
EDWARD M. CHEN
United States District Judge