UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT INC.,<br>　　　　Plaintiff,<br>　　v.<br>MICHELLE BEASLEY,<br>　　　　Defendant. | Case No. 21-cv-03986-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT, AND REQUIRING PAYMENT OF ATTORNEYS' FEES WITHIN 90 DAYS**<br><br>Docket No. 34 |

## I.   INTRODUCTION

This case involves a dispute over commission payments advanced by an employer, Plaintiff Open Text, Inc. ("Open Text"), to its former employee, Defendant Michelle Beasley. Docket No. 6-1 ("Compl.") ¶¶ 1-6. Open Text originally filed the action in the Superior Court of San Mateo County, California in March 2021. *See id.* at 3. Ms. Beasley removed the case to this Court on May 26, 2021. *See* Docket No. 1. The Court then granted Open Text's motion to remand the case to state court on July 30, 2021, and granted Open Court's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Docket No. 31 ("Remand Order").

Now pending before the Court is Open Text's motion to hold Ms. Beasley in contempt for failure to pay the attorneys' fees awarded in the Court's July 2021 order, and request for further fees and sanctions. Docket No. 34 ("Mot."). For the following reasons, the Court **DENIES** Open Text's motion. However, the Court **ORDERS** Ms. Beasley to satisfy her obligations under the July 2021 order within 90 days of entry of this order, and enters judgment as to the award of attorneys' fees to Open Text. This matter is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b).

## II.　　RELEVANT BACKGROUND

Plaintiff Open Text filed its original complaint in state court on March 17, 2021. The company filed a First Amended Complaint on April 1, 2021 stating four state-law cause of action against Ms. Beasley. Compl. ¶¶ 32-59. Pursuant to 28 U.S.C. § 1446(a), Ms. Beasley filed a Notice of Removal with this Court on May 26, 2021, Docket No. 1, and then an Amended Notice on June 1, 2021. Docket No. 6 ("Notice."). Ms. Beasley asserted that this Court had diversity jurisdiction over the action under 28 U.S.C. § 1332(a). Notice at 2. Open Text filed a motion for immediate remand to state court on June 8, 2021. Docket No. 21.

The Court granted Open Text's motion for immediate remand on July 30, 2021. *See* Remand Order. The Court found Ms. Beasley lacked an objectively reasonable basis for seeking removal because the forum defendant rule, 28 U.S.C. § 1441(b)(2), provides that an action "removable solely on the basis of" diversity jurisdiction "may not be removed if any" defendant "is a citizen of the State in which such action is brought" and because it was undisputed that Ms. Beasley is a citizen of California. *See* Remand Order at 11. Thus, the Court concluded that Ms. Beasley's removal was frivolous and improper and awarded Open Text attorneys' fees under § 1447(c). *Id.* at 12. The Court granted Open Text's request for attorneys' fees and costs in the amount of $7,786.00. *Id.* at 13. The Court did not specify a date by which Ms. Beasley must comply with the order to pay the award amount.

Since July 30, 201, when the Court entered its remand order and award of attorneys' fees to Open Text, Open Text's counsel Mindy Wong declares that Ms. Beasley's counsel has not paid the $7,786.00 attorneys' fees award. Docket No. 35 ¶ 14. Wong declares that during an August 16, 2021 meet and confer, Ms. Beasley's counsel responded to her question about when Open Text would receive payment for the attorneys' fees by stating that "the case was not closed" and that Beasley would have an "offset claim." *Id.* ¶ 12. Wong declares that on November 15, 2021, Ms. Beasley's counsel stated that Ms. Beasley did not have the funds to pay the attorneys' fee award and that that the fee award would be offset by future claims that Ms. Beasley intended to bring. *Id.* ¶ 13.

Now pending is Open Text's motion to hold Ms. Beasley in contempt for her failure to pay

2

the $7,786.00 which the Court awarded in its July 30, 2021 order. *See generally* Mot. Open Text also requests that the Court impose a sanction on Beasley of $100 for each day of further noncompliance with the July 30, 2021 order, and to award Open Text attorneys' fees incurred in preparing and presenting this motion. Mot. at 2.

### III. LEGAL STANDARD

A. Civil Contempt

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (internal quotation marks and citation omitted). "The contempt 'need not be willful;' however, a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the court's order.'" *Id.* (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)).

The party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or *de minimis*, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply. *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992) (citations omitted).

A court may wield its civil contempt powers for two separate and independent purposes: (1) "to coerce the defendant into compliance with the court's order"; and (2) "to compensate the complainant for losses sustained." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (citation omitted).

### IV. DISCUSSION

Open Text argues that Ms. Beasley should be held in contempt for her failure to pay the attorneys' fees awarded in the Court's July 2021 remand order. *See generally* Mot. In the

3

1    alternative, Open Text asks the Court to set a deadline by which Ms. Beasley must pay the

2    attorneys' fees.  Docket No. 37 ("Reply") at 5.

3    A.    Disobedience to a Specific and Definity Court Order

4        Open Text's motion for contempt fails because it has not shown that Ms. Beasley has disobeyed a specific and definite court order.  *McCord*, 452 F.3d at 1130.  Although the Court awarded Open Text attorneys' fees of $7,786,00 in its Remand Order, the Court did <u>not</u> set a date by which Ms. Beasley was required to pay the attorneys' fees.  *See* Remand Oder at 13.  Despite the absence of a date by which the Court required Ms. Beasley to pay the attorneys' fee award, Open Text does not cite any rule of procedure, local rule, or case law requiring Ms. Beasley to have completed her payment of the attorneys' fees award by a particular date.  Open Text has failed to present any evidence that Ms. Beasley is *overdue* on her payment of attorneys' fees.

    To the extent that Open Text is arguing that Ms. Beasley has disobeyed a court order because she refuses to *ever* pay the attorneys' fee award, Open Text fails to provide any evidence in support of such a conclusion.  Indeed, the *only* evidence Open Text has provided is a declaration in which Open Text's counsel states that Ms. Beasley's counsel informed her that Ms. Beasley planned to dispose of her obligation to pay the attorneys' fees award at the end of the state court proceedings, after all awards and costs have been accounted for, in a single payment.  *See* Wong Decl. ¶¶ 12-13.  The state court proceedings remain pending.  Therefore, Open Text's evidence does not demonstrate that Ms. Beasley has *refused* to comply with Court's order altogether.

    Thus, Open Text has failed to meet its burden to demonstrate by clear and convincing evidence that Ms. Beasley has disobeyed a specific and definite court order, and, thus, a finding of contempt is not warranted.  Accordingly, Open Text's request for additional attorneys' fees and sanctions related to this contempt motion is also denied.

B.    Deadline for Payment of Award

    The Court, next, considers Open Text's alternative request to set a deadline by which Ms. Beasley must pay the attorneys' fee award.  The Court could have set a payment deadline at the time that it issued the July 2021 order, and there is no obstacle to the Court setting such a deadline

at this juncture.

Ms. Beasley argues that she intends to pay the attorneys' fees award by exercising her right under California law to offset her monetary obligations against any other claims she may pursue, as part of a final judgment in the state court proceedings. *See* Docket No. 36 ("Opp.") at 3-7; *Brown v. Mandarich L. Grp., LLP*, No. 13-CV-04703-JSC, 2014 WL 2860631, at *1 (N.D. Cal. June 23, 2014) ("In California, a judgment debtor who owns a judgment against her judgment creditor may go into the court in which the judgment against her was rendered and have her judgment offset against the first judgment.") (citing *Harrison v. Adams*, 20 Cal.2d 646, 648 (1942)); *see also Brienza v. Tepper*, 35 Cal.App. 4th 1839, 1847–48 (1995) ("we accept the principle that a judgment debtor who has acquired a judgment or claim against his judgment creditor may ask the court in which the judgment against him was rendered to have his judgment or claim offset against the first judgment"); *Riggs v. Gov't Emp. Fin. Corp.*, 623 F.2d 68, 73 (9th Cir. 1980) (allowance of an offset lies within the sound discretion of the trial court). But whether Ms. Beasley can successfully pursue an offset of her payment obligations on any judgment obtained in state court is at the discretion of the state trial court and requires no further consideration or delay by this Court. *See Riggs*, 623 F.2d at 73. Indeed, Ms. Beasley's right under California law to seek to offset any payment obligations she incurs as a result of the state court proceedings does not affect this Courts authority to set a deadline by which she must comply with this Court's order.

Thus, the Court **ORDERS** Ms. Beasley to satisfy her payment obligations pursuant to the July 2021 award within 90 days of entry of this order. Moreover, the Court enters a separate judgment as to the July 2021 award of attorneys' fees. *See* Fed R. Civ. P. 58(d) ("A party may request that judgment be set out in a separate document as required by Rule 58(a)."); Fed. R. Civ. P. 69 ("A money judgment is enforced by a writ of execution, unless the court directs otherwise.").

///

///

///

## V. CONCLUSION

The Court **DENIES** Open Text's motion for contempt, sanctions and additional fees. The Court **ORDERS** Ms. Beasley to pay the attorneys' fees award set out in the Court's July 2021 order within 90 days of entry of this Order.

This order disposes of Docket No. 34.

**IT IS SO ORDERED**.

Dated: May 6, 2022

_____
EDWARD M. CHEN
United States District Judge